**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LLOYD ERIC ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:23-cv-00454-SEP |
| | ) | |
| EASTERN DIAGNOSTIC & | ) | |
| RECEPTION CORRECTIONAL | ) | |
| CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is pro se Plaintiff Lloyd Eric Anderson's Motion for Leave to Proceed *in forma pauperis*. Doc. [2]. Upon review of the motion, the Court finds that Plaintiff lacks sufficient funds to pay the entire filing fee and assesses an initial partial filing fee of $32.02, which is 20% of Plaintiff's average monthly deposit. *See* 28 U.S.C. § 1915(b)(1). For the reasons set forth below, the Court also directs Plaintiff to file an amended complaint.

### LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT

Plaintiff is a pro se litigant who is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri. He brings this civil action under 42 U.S.C. § 1983, naming six defendants: (1) ERDCC; (2) Correctional Officer I (COI) Cook; (3) COI Conklin; (4) COI Blackwell; (5) Correctional Officer III (COIII) Whitehead; and (6) COI Smith. Doc. [1] at 2-4. Defendants Cook and Whitehead are sued in both their official and individual capacities. *Id.* at 2-3. Plaintiff does not indicate the capacities in which Defendants Conklin, Blackwell, and Smith are sued, but he accuses them of deliberate indifference to his medical needs.

In the "Statement of Claim," Plaintiff asserts that he was assaulted on June 18, 2020, while incarcerated at the ERDCC, resulting in a broken jaw, three lost teeth, and nerve damage. Doc. [1] at 3. Plaintiff claims that, from June 18th through the 23rd, he requested immediate "medical attention from said defendants" over 20 times. *Id.* at 5. Despite his requests, according to Plaintiff, "no action was taken, even though [his] face was grossly [swollen] for 3 days and [physical] signs were present." *Id.* "None of the listed defendants or staff . . . took any action to help with [his urgent] medical needs." *Id.* Defendants demonstrated gross negligence and deliberate indifference, which left him "to deal with the maddening pain alone and with no medical attention for a full 6 days." *Id.* When Plaintiff was finally taken for treatment, his jaw had to be rebroken because it had improperly healed due to the delay in treatment. *Id.*

2

Attached to the Complaint is an exhibit consisting of an informal resolution request (IRR). The Court has reviewed the exhibit and will treat it as part of the pleadings.[1] In the IRR, Plaintiff states that his jaw was broken in an assault, and that he repeatedly requested medical attention. Doc. [1-4] at 1. He notes that he requested attention from COI Cook on June 19th, from COIII Whitehead, COI Conklin, and COI Blackwell on June 20th, and from COI Smith on June 22nd. *Id.* at 2. As to each request, Plaintiff notes that "No Action" was taken.

Plaintiff requests $135,625 in damages for pain and suffering. Doc. [1] at 6.

## DISCUSSION

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his medical needs. Because he is proceeding *in forma pauperis*, the Court reviews the Complaint under 28 U.S.C. § 1915. Based on that review, for the reasons set forth below, the Court finds that this case is subject to dismissal. Plaintiff will be afforded the opportunity to file an amended complaint, however.

## I.     Deficiencies in Complaint

Plaintiff's Complaint is deficient and subject to dismissal for four reasons. First, Plaintiff has named the ERDCC—a state prison—as a defendant. Such a claim is treated as being made against the State of Missouri itself and is barred by sovereign immunity under the Eleventh Amendment. *See Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court."); *see also Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

Plaintiff's official capacity claims against Defendants Cook and Whitehead are likewise treated as claims against their employer, the State of Missouri. *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (in an official capacity claim against an individual, the claim is

---

[1] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"); *see also Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) ("[W]hile '[o]rdinarily, only the facts alleged in the complaint are considered [in determining whether it states a claim,] . . . materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint.'" (quoting *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986))); *Pratt v. Corr. Corp. of America*, 124 Fed. App'x 465, 466 (8th Cir. 2005) ("[T]he district court was required to consider the allegations not only in [plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings.").

actually "against the governmental entity itself"); *see also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("A suit against a public employee in his or her official capacity is merely a suit against the public employer."). An official capacity claim for money damages against a state employee is prohibited by sovereign immunity. *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment.").

Plaintiff has not indicated the capacity in which he sues Defendants Conklin, Blackwell, and Smith; thus, it is presumed they are sued in their official capacities only. *See Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity."). Those claims are also barred by the Eleventh Amendment. *See Andrus*, 197 F.3d at 955.

Finally, Plaintiff has not adequately stated individual capacity claims against Defendants Cook and Whitehead. Individual liability in a 42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). To establish deliberate indifference, a Plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019).

Plaintiff does allege that COI Cook and COIII Whitehead were aware of a serious medical need. Specifically, he alleges that he suffered from a broken jaw and requested assistance from Cook on June 19th and Whitehead on June 20th. But Plaintiff does not establish that Cook and Whitehead disregarded that need. Plaintiff does not allege, for example, that Cook or Whitehead delayed alerting or entirely failed to alert medical staff, or that they interfered with treatment. Nor are there any facts demonstrating that the six-day delay in treatment was caused by Cook, Whitehead, or any other defendant. Plaintiff acknowledges in his IRR that he was seen on June 20th by a nurse, who advised he did not need any further medical attention. That allegation undercuts any claim that Cook or Whitehead failed to alert medical staff. Thus, Plaintiff has not demonstrated the requisite personal responsibility for a constitutional violation.

Plaintiff's Complaint is defective and subject to dismissal, but because he is proceeding as a self-represented litigant, Plaintiff may file an amended complaint as described below.

## II.    Amendment Instructions

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him.  *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms.").  If the amended complaint is handwritten, the writing must be legible.

In the "Caption" section of the Court-provided form, Plaintiff should clearly name each and every party he intends to sue.  *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties.").  If there is not enough room in the caption, Plaintiff may add additional sheets of paper.  All the defendants must be clearly listed.

Plaintiff should put his case number in the appropriate location on the upper right-hand section of the first page.  He should then fill out the complaint form in its entirety and ensure that it is signed.  *See* Fed. R. Civ. P. 11(a).

In the "Statement of Claim" section, Plaintiff should provide a short and plain statement of the factual allegations supporting his claim.  *See* Fed. R. Civ. P. 8(a).  Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances."  *See* Fed. R. Civ. P. 10(b).

The amended complaint should include only claims that arise out of the same transaction or occurrence.  In other words, Plaintiff should include only claims that are related to each other.  *See* Fed. R. Civ. P. 20(a)(2).  Alternatively, Plaintiff may choose a single defendant and set forth as many claims as he has against that defendant.  *See* Fed. R. Civ. P. 18(a).

In structuring his amended complaint, Plaintiff should begin by writing the defendant's name.  In separate, numbered paragraphs under that name, Plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant.  If Plaintiff sues more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both.  The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If Plaintiff sues a defendant in an individual capacity, he must allege facts demonstrating that defendant's personal responsibility for harming him.  *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (§ 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights").  The "Statement of Claim" requires more than "labels and

conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

The Court notes that in Plaintiff's "Statement of Claim," he refers to all the individual defendants collectively. If Plaintiff is suing multiple defendants, he must establish the responsibility of each separate defendant. Plaintiff must allege facts showing how each particular defendant's acts or omissions violated his constitutional rights. It is not enough for Plaintiff to make general allegations against all defendants as a group. Rather, Plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing.

Plaintiff should bear in mind that the filing of an amended complaint completely replaces the original complaint. Claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect."). After receiving Plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If Plaintiff fails to file an amended complaint on a Court-provided form within thirty (30) days of the date of this Order, in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

## III.    Motion to Appoint Counsel

Plaintiff asks the Court to appoint him counsel. Doc. [4]. In civil cases, a pro se litigant has no constitutional or statutory right to appointed counsel. *See Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A district court may appoint counsel if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where 'the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel.'" *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

6

Upon review of those factors, the Court concludes that appointment of counsel is not warranted at this time.  Plaintiff has demonstrated, to this point, that he can adequately present his claims to the Court.  And neither the factual nor the legal issues in this case appear to be especially complex.  Thus, the Court denies the motion, but it will entertain future motions for appointment of counsel as this case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis*, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of $32.02 within thirty (30) days of the date of this order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it:  (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [4], is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall send Plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this Order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint within **thirty (30) days** of the date of this Order, in accordance with the instructions set forth above, this action will be dismissed without prejudice and without further notice.

Dated this 3rd day of August, 2023.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

7