# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LLOYD ERIC ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:23-cv-00454-SEP |
| ) | |
| EASTERN DIAGNOSTIC & RECEPTION ) | |
| CORRECTIONAL CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is pro se Plaintiff Lloyd Eric Anderson's Amended Complaint, Doc. [9]. For the reasons set forth below, the case is dismissed.

### FACTS AND BACKGROUND

Plaintiff is incarcerated at Southeast Correctional Center in Charleston, Missouri, but his claims arise from his time in Eastern Reception, Diagnostic, and Correctional Center (ERDCC). *See* Doc. [7]. Plaintiff filed his Complaint under 42 U.S.C. § 1983 alleging deliberate indifference to his medical needs by six ERDCC defendants. Doc. [1]. The Court reviewed the Complaint and determined it was deficient and subject to dismissal. Doc. [8]. Because Plaintiff is self-represented, the Court allowed him to submit an amended complaint. Plaintiff filed the Amended Complaint on September 11, 2023. Doc. [9].

The Amended Complaint names corrections officers Cook, Conklin, Blackwell, Smith, and Whitehead in their individual capacities only. *Id*. at 1-4. Plaintiff alleges that he was assaulted while incarcerated at the ERDCC, "resulting in a broken jaw, three lost teeth, and nerve damage." *Id*. at 5. He states that he was "immediately taken to medical for a 'wellness check,'" but had no "tremendous pain" or signs of or swelling. *Id*. Plaintiff was placed in administrative segregation where he claims his face began to swell and he started to feel pain. *Id*. He claims that he used the "emergency button" to alert ERDCC staff but did not get a response, so he "verbally" informed the Defendants more than 20 times over the course of six days that he wanted to self-declare a medical emergency. *Id*. Plaintiff claims that Defendants told him that "medical was too busy" and that he "was shown deliberate indifference by all five said defendants by not escorting [him] to medical." *Id*. Plaintiff admits that medical staff came to

see him once, but he claims they "did nothing to assist [his] medical needs." *Id*. at 6.  Plaintiff argues it was "deliberate indifference and gross negligence" to leave him to "starve and deal with extreme pain for 6 days."  *Id*.  Plaintiff seeks "$135,625.00 from each defendant for pain and a jury to determine damages for nerve damage and los[s] of teeth." *Id*. at 8.

On the same day Plaintiff filed this suit, he also filed a separate § 1983 complaint against Corizon Health Services, his dentist, "Dr. Bellon," and "All Medical Staff Assigned to 7 House Seg."  Complaint, *Anderson v. Corizon Health Servs.*, No. 4:23-cv-00453-SRC (E.D. Mo. Apr. 10, 2023), Doc. [1] [hereinafter *Corizon*].[1]  Both cases arise from the same incident, and the complaint in *Corizon* includes attachments with Plaintiff's grievance information.[2]  In a response to Plaintiff's "Informal Resolution Request," a nurse from ERDCC wrote:

> On 6-18-20 you were seen by the nurse for a segregation initial evaluation.  He documented that you refused to have vital signs taken.  He documented no signs of trauma.  He documented that you had no medical complaints.
>
> On 6-23-20 you declared a medical emergency and stated that your jaw was broken.  The dentist took a panoramic x-ray and determined that your jaw was broken.  He placed a referral for an oral surgery consultation.  He ordered ibuprofen 200mg tabs.
>
> The referral to the oral surgeon was approved.
>
> On 6-29-20 you were seen by your facility dentist.  He noted that you were awaiting the appointment with the oral surgeon.
>
> On 7-06-20 you went to the oral surgeon.  The oral surgeon recommended a liquid diet, hydrocodone/APAP, amoxicillin, extraction of tooth #17, and oral surgery on your left mandible.
>
> When you returned to the facility the oral surgeon's recommendations were approved, in addition to ibuprofen 800mg tabs.

*Corizon*, Doc. [1-2] at 2.  The response also shows that Plaintiff had oral surgery on July 14, 2020, remained in the Transitional Care Unit until July 20, 2020, and had follow up appointments on July 28th and August 6th.  *Id*.  Plaintiff missed a follow up appointment on July 27th and refused another appointment on August 26th.  *Id*.  That additional treatment information

---

[1] On September 18, 2023, the Court dismissed *Corizon* for failure to state a claim for deliberate indifference in medical care because the delay in care, if any, was relatively brief and non-detrimental. *Anderson v. Corizon Health Servs.*, 2023 WL 6064838, at *6 (E.D. Mo. Sept. 18, 2023).

[2] The Court takes judicial notice of its own records in those proceedings involving Plaintiff.  *See Lockett v. United States*, 333 F. App'x 143, 143-44 (8th Cir. 2009) (citing *Chandler v. United States*, 378 F.2d 906, 909-10 (9th Cir. 1967)).

2

provides helpful context, but Plaintiff's Amended Complaint focuses on the period from June 18th through 23rd, before his appointment with the dentist. *See* Doc. [9] at 5-6.

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court must "accept as true the facts alleged, but not legal conclusions or '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 663); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016).

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## DISCUSSION

Plaintiff brings this action under 42 U.S.C. § 1983, which Congress designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*,

436 U.S. 658, 685 (1978).  One such federally protected right is the Eighth Amendment's prohibition on cruel and unusual punishment, which protects prisoners from deliberate indifference to serious medical needs.  *Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012).  To prevail on a deliberate-indifference claim, a prisoner plaintiff must demonstrate that he suffered from an objectively serious medical need and that a defendant actually knew of and disregarded that need.  *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).  "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention."  *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (quoting *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)).

"[D]eliberate indifference requires a highly culpable state of mind approaching actual intent."  *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017) (quoting *Choate v. Lockhart*, 7 F.3d 1370, 1374 (8th Cir. 1993)).  "An inmate must demonstrate that a prison [employee's] actions were 'so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care.'"  *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014) (quoting *Dulany*, 132 F.3d at 1240–41).  Allegations of mere negligence in giving or failing to provide medical treatment will not suffice.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Nor will a prisoner's "mere disagreement with treatment decisions" support a claim of deliberate indifference.  *Jones v. Minn. Dep't of Corr.*, 512 F.3d 478, 482 (8th Cir. 2008) (quoting *Pietrafeso v. Lawrence Cnty.*, 452 F.3d 978, 983 (8th Cir. 2006)).

"[I]ntentionally denying or delaying access to medical care" can manifest deliberate indifference.  *Estelle*, 429 U.S. at 104-05.  When a delay in treatment is alleged to have violated an inmate's constitutional rights, a court measures the "objective seriousness of the deprivation . . . by reference to the *effect* of the delay in treatment."  *Jackson v. Riebold*, 815 F.3d 1114, 1119 (8th Cir. 2016) (alteration in original) (quoting *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005)).  To support a claim based on a delay in treatment, a plaintiff must present "verifying medical evidence" showing that the delay in treatment had detrimental effects.  *Id.* at 1119-20; *see also Holden*, 663 F.3d at 342 ("A prisoner alleging a delay in treatment must present verifying medical evidence that . . . ['the] delays adversely affected his prognosis.'") (quoting *Reece v. Groose*, 60 F.3d 487, 491 (8th Cir. 1995)).

4

Plaintiff alleges that the five defendant corrections officers were deliberately indifferent to his pain for six days, from the time he was assigned to administrative segregation on June 18, 2020, up to the time he was seen by a dentist on June 23rd. But the Amended Complaint and the grievance documents Plaintiff submitted with his original complaint show otherwise. Plaintiff alleges that the Defendants were aware of his medical need, but he does not allege facts that show deliberate indifference to that need by Defendants.

Plaintiff must plead facts that state a claim for deliberate indifference against each individual Defendant. While the Amended Complaint lists Defendants' names and generally describes the claims, it does not identify any action taken by an individual Defendant. *See* Doc. [9] at 5-6. Plaintiff alleges "deliberate indifference by *all five said defendants* by not escorting [him] to medical" and that "*all 5 custody officers* could have taken me many times to medical . . . but they did not." *Id*. (emphasis added).

The grievance documents that Plaintiff filed with his original complaint do provide some detail about the role of each Defendant. Plaintiff included a list of his complaints, the people involved, and the outcome:

| **Date of Complaint** | **Name** | **Action Taken** |
|---|---|---|
| June 18 | Unknown | None. |
| June 19 | Unknown | None. |
| June 19 | Cook | None. |
| June 20 | Whitehead | Nurse arrived 2 hours after complaint. |
| June 20 | Conklin | None. |
| June 20 | Blackwell | None. |
| June 21 | Unknown | None. |
| June 22 | Smith | None. |
| June 22 | Unknown | None. |

*See* Doc. [1-4]. By Plaintiff's own account, he complained to each Defendant only once. The complaints to unknown corrections officers do not show deliberate indifference by Defendants. And Plaintiff admits that Defendant Whitehead responded and that Plaintiff was visited by a nurse two hours later. Those allegations do not state a claim for deliberate indifference against any one Defendant. The Court cannot "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 915. But even looking at Plaintiff's treatment by the Defendants as a group, his allegations fail to state a claim upon which relief can be granted.

5

Plaintiff admits that he was "immediately taken to medical for a 'wellness check'" after the assault on June 18th.  Doc. [9] at 5.  He was discharged and moved to administrative segregation because he had "no visible signs of swelling or tremendous pain." *Id*.  Plaintiff claims that he later developed serious pain and he complained to Defendants approximately 19 times, but they did not take him to see medical. *Id*.  He says that some unspecified Defendants heard his complaints and informed him that "medical was too busy." *Id*.  Plaintiff's grievance documents also show that Plaintiff was again evaluated by a nurse on June 20th, and he saw a dentist for X-rays on June 23rd.  Doc. [1-4] at 1-2.  And the ERDCC response to the grievance Plaintiff filed in *Corizon* shows that his Health Services Request form "was received in medical on June 20" and was "triaged on June 23." *Corizon*, Doc. [1-2] at 4.

Defendants' actions between June 18th and June 23rd cannot be considered "intentional maltreatment or a refusal to provide essential care." *Jackson*, 756 F.3d at 1066 (*Dulany*, 132 F.3d at 1240–41).  "The Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. Cnty. of Hennepin*, 557 F.3d 628, 633 (8th Cir. 2009).  Three appointments with medical staff over the course of six days does not rise to the level of deliberate indifference.  As the Court explained in *Corizon*, "Anderson would need to allege a longer period of delayed or denied medical care for there to be a dispute over Defendants' alleged deliberate indifference." *Corizon*, 2023 WL 6064838, at *6 (citing *Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir. 1995) ("A three-week delay in dental care, coupled with knowledge of the inmate-patient's suffering, can support a finding of an Eighth Amendment violation under section 1983."); *Patterson v. Pearson*, 19 F.3d 439, 440 (8th Cir. 1994) (a one-month delay treating infection that required extraction could constitute deliberate indifference)).

The United States Court of Appeals for the Eighth Circuit has found that longer periods of delay for similar injuries did not constitute deliberate indifference.  In *Jenkins v. County of Hennepin*, a prisoner with a broken jaw had three appointments with medical staff over an eight-day period.  557 F.3d at 630-31.  The court found that even when the defendant—the supervising nurse—knew that the examining nurse considered the situation "urgent" and that the plaintiff "could not open his jaw completely and that he was unable to blow his nose or chew," *id*. at 632, the decision to send the plaintiff "for an X-ray in 'a day or two'" did "not reflect deliberate indifference." *Id*.  Here, Plaintiff admits that he was evaluated by medical staff before entering administrative segregation and again two days later.  *See* Docs. [1-4], [9].  Both times, the nurse

6

determined he did not further medical attention.  Doc. [1-4] ("Nurse . . . advised me I didn't need any further attention.").  Defendant corrections officers communicated Plaintiff's complaints to the ERDCC medical staff, and they had no control over whether the medical staff who evaluated Plaintiff on June 18th and 20th gave him pain medication or expedited his treatment.  Plaintiff challenged the decisions by medical staff in *Corizon*, and they cannot be imputed to the corrections officers in this case.  Nothing in Plaintiff's Amended Complaint indicates "a level of culpability equal to the criminal law definition of recklessness," which is required for deliberate indifference.  *Jenkins*, 557 F.3d at 632 (quoting *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004)).  Therefore, the Amended Complaint fails to state a claim upon which relief can be granted.

      Accordingly,

      **IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.  *See* 28 U.S.C. § 1915(e)(2)(B).  The Court will enter a separate order of dismissal.

      Dated this 29th day of January, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE